Aeon Steuer, J.
Motion for summary judgment. Plaintiff is a membership corporation whose members are publishers of magazines. Defendant is a former member who resigned from the association on December 19, 1956. The by-laws of the association provide for the payment of dues for two ensuing quarters by a resigning member. Suit is for such dues. The amount is not disputed and, aside from the affirmative defense, no grounds of contest to plaintiff’s claim are asserted.
The affirmative defense is that the activities of the plaintiff are in restraint of trade. This claim is sought to be substantiated by plaintiff’s sponsorship of an organization called 11 Central Registry.” This organization was formed for the purpose of regulating door-to-door subscriptions of magazines. It provides for the registration of magazine subscription solicitors, both organizations and actual solicitors. It sets out a code forbidding certain practices, either unethical or tending to cast reflection on the industry. It further provides that in cases where breach of their code is established according to a trial system the offending agency may be subject to fine and in certain cases its subscriptions would not be accepted or filled by the members who signed the agreement, of which plaintiff was one.
Whether or not this is an agreement in restraint of trade is not necessary to decide. In either event it is one activity of the plaintiff association incidental to its operation. It does not color the plaintiff as an illegal institution nor provide an absolute bar to the enforcement of its by-laws against its members. It would be different if this were not true and if the association itself was an illegal body. (See McConnell v. Commonwealth Pictures Corp., 1 Misc 2d 751.)
The motion is granted and the clerk is directed to enter judgment as demanded in the complaint.